```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT


Monica Pollard,                    :
                                   :
          Plaintiff,               :
                                   :
     v.                            :    Case No. 1:15-cv-64
                                   :
Daniel Albert and                  :
Vermont State Medical              :
Examiner Agency,                   :
                                   :
          Defendants.              :
```

                        OPINION AND ORDER
                             (Doc. 1)

Pro se plaintiff Monica Pollard moves to proceed in forma pauperis against Defendants Daniel Albert ("Albert") and the Vermont State Medical Examiner Agency ("State Medical Examiner"), alleging constitutional rights violations, professional negligence, and legal malpractice (Doc. 1-2.)  Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed in forma pauperis is GRANTED.

                           Discussion

I.   Factual Background and Procedural History

Mr. Pollard's claims arise from events leading to a Vermont state court conviction for manslaughter,[1] for which he served a term of imprisonment from 1985 until his release in 2000.  (Doc.

---

[1] The Vermont Supreme Court opinion states Pollard pled guilty to second degree murder.  State v. Pollard, 657 A.2d 185, 200 (Vt. 1995).

1-2 at 2.)  A review of the case law history indicates on July 9, 1985, Mr. Pollard "fatally stabbed a man in a department store in St. Albans." State v. Pollard, 657 A.2d 185, 187 (Vt. 1995). Initially, Pollard was sentenced to a term of fifty years to life imprisonment.  Id.  However, in 1995 the Vermont Supreme Court vacated his plea, conviction, and sentence, concluding the evidence presented at his mental competency hearing prior to entering a guilty plea did not satisfy the minimum due process standard.  Id. at 205-06.

In the proposed Complaint before the Court, Pollard alleges the victim, Steve Lawrence, was treated for his injuries at Krebs Memorial Hospital in St. Albans, Vermont ("the Hospital").  (Doc. 1-2 at 4.)  He alleges physicians at the Hospital committed involuntary manslaughter and are responsible for Lawrence's death because they performed a splenectomy "instead of immediately attending to and treating the bleeding heart and wounds."  Id. at 4-5. Pollard claims that, by failing to perform cardiothoracic surgery first, Lawrence unnecessarily bled to death.  Id. at 5. He alleges the Hospital's grossly negligent treatment of Lawrence constituted an intervening cause that contributed to Lawrence's death, and therefore, Pollard should not have been convicted of murder.  Id. at 18.

Pollard brings suit against Defendants in their official capacities, claiming the State Medical Examiner "should have

2

charged the Krebs Memorial Hospital Surgeons for the death of Steve Lawrence" due to their alleged gross negligence, and the State Medical Examiner "should have recognized the causes of Steve Lawrence's death," including the "useless [s]plenectomy." Id. at 21-22.  Pollard alleges this act or omission constitutes professional negligence.

Attorney Daniel Albert (a court-appointed public defender) represented Pollard during the criminal prosecution.  Id. at 19.  Pollard claims Albert was ineffective as his counsel and negligent in failing to procure medical expert witness testimony to challenge the cause of death listed by the State Medical Examiner.  Id. at 20.

Pollard further alleges the Defendants are liable under 42 U.S.C. § 1983 for violating his Fifth, Sixth, and Fourteenth Amendment rights.  Id. at 2, 21.  He seeks $41 million in compensatory and punitive damages.  Id. at 21.

II.  Section 1915(e)(2)(B) Review

Pro se filings are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  A  district court shall dismiss a case, however, if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court also has inherent authority to dismiss a case that presents no meritorious issue. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint sua sponte even where plaintiff paid filing fee); Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss petition that "presents no arguably meritorious issue").

The proposed Complaint fails to state any viable legal claims against attorney Albert. As to the § 1983 claims, a court-appointed attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and is not subject to § 1983 liability for such actions. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); accord Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997).

Furthermore, absent the state's consent to be sued or an express or statutory waiver of immunity, the Eleventh Amendment bars suits in federal court for damages against state officials acting in their official capacities. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006). As to Pollard's common law negligence claims against Albert, under the Vermont Tort Claims Act, Vt. Stat. Ann. tit. 12,

4

§§ 5601-06, only the State, not its employees, may be held liable for injuries caused by negligence.  Vt. Stat. Ann. tit. 12, § 5602; see also Bradshaw v. Joseph, 666 A.2d 1175, 1178 (Vt. 1995) (holding that "public defenders are state employees under Vermont law" and the state Tort Claims Act provides the exclusive remedy for claims alleging professional negligence against public defenders).

Additionally, common law negligence claims against the State may only be brought in Vermont's superior courts.  Vt. Stat. Ann. tit. 12, § 5601; see also Edwards v. Vt. Dep't of Corr., No. 2:06-CV-34, 2007 WL 2332414, at *4 (D. Vt. Aug. 13, 2007) (dismissing state common law negligence claims against state agency and its employees).

Accordingly, this Court lacks subject matter jurisdiction over Pollard's claims against Albert.

District courts generally should not dismiss pro se claims without granting leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  The Court finds, however, that granting leave to amend the proposed claims against Albert would be futile.  See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.")  Therefore, all claims against Albert are DISMISSED WITHOUT PREJUDICE.

Pollard's § 1983 and state law professional negligence claims against the Vermont State Medical Examiner Agency are not addressed in this Order.

### III. Standard Order Regarding Remaining Claims

The following paragraphs are intended to assist Pollard by identifying certain requirements of this Court. Failure to comply with these requirements may result in dismissal of the complaint.

Because Pollard is not represented by an attorney, he is reminded that the Federal Rules of Civil Procedure require him to mail to the attorneys for the Defendant a true copy of anything he sends to the Court. Failure to so "serve" Defendant may result in dismissal of this case or other penalties. Anything filed with the Court should specifically state that it has been sent to the lawyers for the Defendant. This is called a certificate of service. Pollard should keep a true copy of everything he sends to the Defendant or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible the Vermont State Medical Exminer Agency may file a motion for summary judgment. The Second Circuit requires a pro se litigant be provided notice

"of the nature and consequences of a summary judgment motion." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 621 (2d Cir. 1999); see also Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). Accordingly, this Court's Local Rules require Defendant to serve a pro se litigant with such a notice. D. Vt. L.R. § 61(e). A motion for summary judgment made by a defendant under Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in the defendant's favor without a trial. This motion will set forth the facts the defendant contends are not reasonably subject to dispute and that entitle it to judgment as a matter of law. Failure to contradict those factual assertions may result in the entry of summary judgment against the Plaintiff.

   To contradict or oppose a defendant's motion for summary judgment, a plaintiff must show proof of his claims. He may do this in one or more of the following ways. Most typically, a plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he or she believes prove his or her claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit. Alternatively, a plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows the plaintiff has personal knowledge of the matters stated,

and if the plaintiff calls to the Court's attention those parts of the complaint upon which he or she relies to oppose the defendant's motion.  A plaintiff may also rely upon written records, but must prove that the records are what he claims they are.  Finally, a plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in the proceeding.  If there is a good reason why the necessary facts are not available to the plaintiff at the time required to oppose a summary judgment motion, the Court will consider a request to delay consideration of the defendant's motion.

Pollard should always file a response to a motion by the Defendant.  In particular, in the event the Defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint, failure to respond may result in dismissal of the case.

## CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1), Pollard's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

Pollard may file, and the Clerk of the Court shall accept, his Complaint without prepayment of the required fees, and he shall not be required to pay the fees for service of the Complaint.  Service of process shall be undertaken under 28

U.S.C. § 1915(d), and if necessary, shall be effected by the U.S. Marshals Service.  See Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

All claims against Daniel Albert are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 16th day of June, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge